IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAMON PADILLA,** | : | |
| | : | |
| **Plaintiff,** | : | CIVIL NO. 3:CV-05-1986 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **BUREAU OF IMMIGRATION** | : | |
| **AND CUSTOMS ENFORCEMENT,**[1] | : | |
| | : | |
| **Defendants.** | : | |

## M E M O R A N D U M

### I.   Introduction

Plaintiff, Ramon Padilla, a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") at the Smithfield State Correctional Institution in Huntingdon, Pennsylvania, commenced this action with a "Motion Pursuant to Mandamus and Venue Act 28 U.S.C. § 1361" (Doc. 1), which the Court will construe as a petition for writ of mandamus. Plaintiff subsequently filed an application to proceed *in forma pauperis* (Doc. 2). He asks the Court to compel the Defendant to "provide a deportation hearing as expeditiously as possible." (*Id.*) For the following reasons, the motion for leave to proceed *in forma pauperis* will be granted, and the petition will be dismissed as frivolous.

---

1. Named as Defendant is the Immigration and Naturalization Service ("INS"). On March 1, 2003, the functions of the INS were assumed by the new Department of Homeland Security. Within the Department, the Bureau of Immigration and Customs Enforcement ("ICE") now has the duty of investigating and enforcing immigration law within the borders of the United States. Thus, in accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Court will substitute the parties accordingly and re-caption the case as referenced above. In all future filing with the Court, the parties shall refer to Defendant as captioned above.

## II.      Discussion

### A. In Forma Pauperis

The Prison Litigation Reform Act (the "Act") established new procedures for processing civil actions filed in federal court.    Under § 1915(e)(2) of the Act, the Court **shall** dismiss claims by parties seeking to proceed *in forma pauperis* "if the court determines that – (B) the action or appeal – (i) is frivolous . . . ." 28 U.S.C. § 1915(e)(2)(B)(i). This section applies equally to cases that are **factually** frivolous and those that are **legally** frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  An action is **legally** frivolous if it is based upon an indisputably meritless legal theory, and may be dismissed under § 1915(e)(2)(B)(i). *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

Indisputably meritless legal theories are those "in which it is . . . readily apparent that the plaintiff's complaint lacks an arguable basis in law. . . ." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990) (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)). "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### B. Mandamus

Plaintiff initiated the instant action seeking mandamus relief from the Court. Although the federal writ of mandamus is technically abolished, the Court does have the power to compel a federal officer to perform a duty under 28 U.S.C. § 1361. *Arnold v. BLaST Intermediate Unit 17*, 843 F.2d 122, 125 n.4 (3d Cir. 1988).  Under 28 U.S.C. §1361:

2

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Statutory mandamus, like its common-law predecessor, is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 2022 (1984). *See also Grant v. Hogan*, 505 F.2d 1220, 1225 (3d Cir. 1974). However, mandamus is a drastic measure "to be invoked only in extraordinary situations." *Stehney v. Perry*, 101 F.3d 925, 934 (3d Cir. 1996) (quoting *Allied Chem. Corp v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)).

Plaintiff, apparently subject to removal proceedings, asks this Court to direct Defendant to expedite the deportation proceedings in Plaintiff's case, claiming that he is entitled to such expedited review under the Administrative Procedures Act and the Mandamus Act as established in the case of *Soler v. Scott*, 942 F.2d 597 (9th Cir. 1991). In *Soler*, the United States Court of Appeals for the Ninth Circuit held that an alien has standing to bring suit under the Administrative Procedure Act and the Mandamus Act to seek expedited review in a deportation hearing. *Id.*, 942 F.2d at 601-602. However, the United States Supreme Court granted *certiorari* in the case, and the judgment of the Ninth Circuit Court of Appeals was vacated and the case was remanded "to the United States Court of Appeals for the Ninth Circuit with directions to dismiss." *Sivley v. Soler*, 506 U.S. 969 (1992) (citation omitted). Moreover, "[i]n 1994, Congress passed the Immigration and Nationality Technical Corrections Act of 1994, Pub.L. No. 103-416, 108 Stat. 4305 ("INCTA") . . . [S]ection 225 of the INCTA forecloses [actions by incarcerated aliens brought to obtain the procedural benefit of an accelerated deportation hearing." *Campos v. INS*, 62

F.3d 311, 313-314 (9th Cir. 1995).

     In this case, Plaintiff has failed to establish any clear, nondiscretionary duty that the Defendant owes to him.  Thus, Plaintiff fails to establish an essential element to qualify for mandamus relief, and his claim will be dismissed as legally frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(I).  Although the present action will be dismissed, the dismissal of this action will be without prejudice to any other means, if available to the Plaintiff, to seek the relief he is requesting.  An appropriate Order follows.

Dated: November 8, 2005                                         /s/ A. Richard Caputo
                                                                                      A. RICHARD CAPUTO
                                                                                      United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAMON PADILLA,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-05-1986** |
| | : | |
| v. | : | **(Judge Caputo)** |
| | : | |
| **BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,** | : | |
| | : | |
| **Defendants.** | : | |

# O R D E R

**AND NOW, THEREFORE, THIS 8th DAY OF NOVEMBER, 2005,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) is construed as a motion to proceed without prepayment of fees and costs, and the motion is **GRANTED** for the limited purpose of filing this petition.

2. The petition for writ of mandamus (Doc. 1) is **DISMISSED** as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(I), without prejudice to any right Petitioner may have to seek redress by other means.

3. The Clerk of Court is directed to close this case.

4. Any appeal from this order will be deemed frivolous, not taken in good faith and lacking probable cause.

                                         /s/ A. Richard Caputo
                                         A. RICHARD CAPUTO
                                         United States District Judge